**STATE ex SQUIRE v O'NEIL-AYERS CO et**

Ohio Appeals, 9th Dist, Summit Co

No 2898. Decided Oct 8, 1937

Herbert S. Duffy, Attorney General, Columbus, Leonard J. Breiding, Akron, and Rice A. Hershey, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellees.

**OPINION**

By WASHBURN, J.

This cause is before this court upon an appeal on questions of law. In the Common Pleas Court, a demurrer on the ground that the petition did not state a cause of action as against two individuals, who, with the corporation, were defendants, having been sustained, and the plaintiff not desiring to plead further, judgment was entered against it, and in favor of said two individual defendants.

The action was upon promissory notes and was against the O'Neil-Ayers Co. and William O'Neil, the president of the company, and A. F. Ayers, secretary of the company.

Copies of the notes sued upon were attached to the petition and made a part thereof, and they disclose that the notes were dated August 15, 1919, and were payable to Albert Myers and A. P. Walker and were due August 15, 1922. The notes were executed by the signing of the company name on the face thereof by said individuals as president and secretary of the company, and on the back of the notes and at the top thereof appear the names of said individuals, O'Neil and Ayers, who were respectively president and secretary of the corporation. There is no writing in connection with the said names to indicate that the relation of said individuals to said transaction was anything other than that of in-

dorsers, in accordance with the provisions of the uniform negotiable instruments act.

The payee of said notes transferred the same to a company without recourse, and the notes are now owned by and in the possession of the appellant as superintendent of banks of the state of Ohio in charge of the liquidation of the First-Central Trust Co., Akron, Ohio.

The petition alleges that for the purpose of giving credit to said notes and procuring them to be accepted by the payees of said notes, said individuals, O'Neil and Ayers, placed their names upon the back of said notes before they were delivered to the payees, and that said notes were accepted on the faith of said indorsements.

Under the uniform negotiable instruments act, and the facts alleged in the petition thus far alluded to, said individuals, O'Neil and Ayers were indorsers and liable as such (§§8168 and 8169, GC), and, as such, obligated themselves "that on due presentment" should said notes "be dishonored and the necessary proceedings on dishonor be duly taken," they would pay the amount of said notes to the holder thereof (§8171, GC).

It is provided in said uniform negotiable instruments act that "except as herein otherwise provided, presentment for payment is necessary in order to charge * * * indorsers." (§8175, GC).

There is no allegation in the petition setting forth any facts which bring the transaction within said "otherwise provided," and there is no claim in the petition that the notes were presented for payment, or that said notes were dishonored within the meaning of that term as it is used in the uniform negotiable instruments act.

It is not alleged in the petition that any notice was attempted; but there being no presentment and dishonor, notice of dishonor is of no importance.

However, it may be well, in view of the brief of appellant, to observe that there is no claim in the petition that the notes were made or accepted for the accommodation of said individuals, O'Neil and Ayers, and that paragraph 2 of §6220, GC, does not affect the requirement of notice except where there has been a presentment for payment.

From what has been said, it follows that, upon the facts alleged in the petition, and the failure to allege other facts, so far referred to, said individuals, O'Neil and Ayers, are not, under the provisions of the negotiable instruments act, liable upon said notes.

It is claimed, however, that another allegation in the petition considered in connection with what has been referred to, makes said individuals, O'Neil and Ayers, liable upon said notes. That allegation is that, at the time said notes were executed, said individuals were "the managing officers of said company, and as such managing officers executed said notes upon behalf of said defendant company," and that "said defendant corporation was at the time of said endorsements and the execution of said notes, and has at all times since said endorsements, been subjected to the exclusive control and management of the said" individuals, O'Neil and Ayers.

It is claimed that said allegation justifies the court in disregarding the corporate entity of said corporation.

No fraud or deceit is alleged, and no claim is made that said corporation is not a bona fide corporation; neither is there any allegation concerning the means by which said individuals control the corporation, nor that the corporation was managed so as to perpetrate a fraud upon the payees or subsequent owners of said notes; and no claim is made in the petition that, although the corporation purports to be the real maker, the defendants are in fact the real makers of said notes, or that said individuals, as such, in any wise profited by said transaction.

In this action the corporation maker is sued together with said individuals, and facts are alleged which, under the uniform negotiable instruments act, establish their relation to be that of indorsers. In our judgment, the allegation that said corporation was at the time of the giving of the notes, and ever since has been, subject to the exclusive control and management of said individual, is not inconsistent with, and in no wise affects, the relationship of said individuals as indorsers.

In the case of **Rockfield v First National Bank, 77 Oh St 311**, where the name of an officer who executed the note on behalf of the corporation appeared on the back of the note without any qualifying or explanatory words, it was held that such officer "is an indorser and cannot be held in any other capacity. As such he is entitled, in order to render him liable, to notice of demand upon those who are primarily liable, and failing such demand and due notice to him, he is discharged."

And in a case in which the directors of a corporation had indorsed a note of the corporation in blank for the purpose of giving additional credit to the note, it was held

that such directors are nevertheless, "by virtue of the provisions of §§8165 and 8194 GC, deemed to sustain the relation of indorsers, with all the rights of indorsers relating to the requirement of demand of payment and notice of dishonor."

Sinkey v Steffens, Exrx. et, 126 Oh St 66.

Our conclusion is that, under the allegations of the petition herein, the principle of law announced in the foregoing cases applies and is controlling in the instant case.

Judgment affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.